IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCERLAIN,<br><br>       Plaintiff,<br><br>   v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>       Defendants. | No. C-13-4384 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE SECOND, THIRD, AND FOURTH CAUSES OF ACTION; DENYING PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND ATTORNEY'S FEES** |

Before the Court is the "Special Anti-SLAPP Motion to Strike Second, Third, and Fourth Causes of Action of Plaintiff's Complaint," filed by defendants on December 2, 2014. Plaintiff Nancy McErlain has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In her complaint, plaintiff alleges that she owns a unit at the Park Plaza Towers in Burlingame, California, and that her "mentally disabled" adult son Patrick McErlain lives in the unit. (See Compl. ¶¶ 1, 2.) According to plaintiff, defendants have "engage[d] in discriminatory treatment of [plaintiff], have fostered and ratified a hostile environment towards [plaintiff], and have failed to make reasonable accommodations for [her son's]

---

[1] By order filed January 22, 2014, the Court took the matter under submission.

disability in an attempt to force [p]laintiff to move her son from the dwelling she provides for him." (See Compl. ¶ 21.)  In her First, Second, and Third Causes of Action, plaintiff alleges defendants' actions constitute discrimination against her in violation of, respectively, (1) the Federal Fair Housing Act, 42 U.S.C. § 3604, (2) the Fair Employment and Housing Act, California Government Code §§ 12900-12996, and (3) the Unruh Civil Rights Act, California Civil Code § 51; additionally, in her Fourth Cause of Action, plaintiff alleges that defendants' violations of said statutes constitute a breach of the Covenants, Conditions, and Restrictions ("CC&Rs") governing the Park Plaza Towers.

By the instant motion, defendants seek an order striking plaintiff's state law claims, specifically, the Second through Fourth Causes of Action, pursuant to § 425.16 of the California Civil Code.  Under § 425.16, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claims."  See Cal. Civil Code § 425.16(b)(1).

The first step in ruling on a motion to strike under § 425.16 is to determine whether the moving defendant has made a "threshold showing" that "the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech."  See Equilon Enterprises, LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002) (internal quotation, alteration, and citation omitted).  In particular, the defendant must show "the act which forms the basis for the plaintiff's cause of action" is "an act in furtherance of the right of petition or free speech."  See id. at 66 (internal quotation and citation omitted).

With respect to the first step, defendants rely in part on actions they and/or certain residents of the Park Plaza Towers have taken with respect to plaintiff's son, in particular, their seeking restraining orders against plaintiff's son and contacting the District Attorney to report asserted criminal activity by plaintiff's son.  Although plaintiff's complaint references

such conduct (see Compl. ¶¶ 20.d, 21.c), those acts are not "the basis," see Equilon, 29 Cal. 4th at 66, of plaintiff's claims against defendants, given that the statutes upon which plaintiff relies entitle her to relief only upon a showing of discriminatory conduct directed toward her personally, see 42 U.S.C. § 3604(f)(2)(C) (prohibiting discrimination against person "associated with" a person with a "handicap");[2] Cal. Gov't Code § 12955.7 (making it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of that person having aided or encouraged any other person in the exercise or enjoyment of [ ] any right granted or protected under [FEHA]"); Cal. Civ. Code § 51.5 (prohibiting discrimination against person "associated with" person who is, or is perceived to be, disabled). Although conduct directed against plaintiff's son may be relevant to plaintiff's claims, such conduct is not itself actionable by plaintiff under the statutes on which plaintiff's claims are based.

Additionally, defendants rely on defendant Park Plaza Towers Owners Association's filing against plaintiff and her son a lawsuit by which defendants seek an order enjoining plaintiff's son from living at the Park Plaza Towers. The complaint references such act (see Compl. ¶ 18), which falls within the right to petition, see Ludwig v. Superior Court, 37 Cal. App. 4th 8, 19 (1995) (holding "constitutional right to petition" includes "filing litigation or otherwise seeking administrative action"). A defendant, however, does not meet its burden to establish the plaintiff's claims arise from protected activity "simply because the complaint contains some references to speech or petitioning activity"; rather, the defendant must show the "protected speech" is the "gravamen or principal thrust of the claims asserted." See Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (2004).

In applying this principal when considering whether complaints alleging discrimination arise from protected activity, the California Court of Appeal has focused on the nature of the challenged adverse action, rather than on the fact that the defendant may have, at least in part, accomplished the challenged adverse action by engaging in

---

[2]As noted, plaintiff alleges defendants' asserted violation of § 3604 constitutes a state law claim, in that, according to plaintiff, such violation is a breach of the CC&Rs.

protected activity. In <u>Department of Fair Employment & Housing v. 1105 Alta Loma Road Apartments, LLC</u>, 154 Cal. App. 4th 1273 (2007), for example, the complaint alleged that a landlord had served an eviction notice on an assertedly disabled tenant, declined to provide her an extension of time to relocate and, instead, instituted "multiple eviction proceedings." <u>See</u> <u>id.</u> at 1284. The Court of Appeal found the complaint did not arise from protected activity because the "gravamen of [plaintiff's] action was one for disability discrimination, and was not an attack on any act [the landlord] committed during the rental property removal process or during the eviction process itself." <u>See</u> <u>id.</u> Rather, the Court of Appeal noted, the "filing of unlawful detainer actions constituted [plaintiff's] <u>evidence</u> of [the landlord's] alleged disability discrimination," which in the subject case was a discriminatory failure to extend the tenancy. <u>See</u> <u>id.</u> at 1284-85 (emphasis in original).

Similarly, in <u>Martin v. Inland Empire Utilities Agency</u>, 198 Cal. App. 4th 611 (2011), the plaintiff, a public agency employee alleging racial discrimination and retaliation, brought an action challenging his demotion. Although the plaintiff alleged that his supervisor had successfully advocated before the agency's board in support of the plaintiff's demotion, the Court of Appeal found the complaint "[did] not arise from any purported exercise of defendants' privileged government acts" and was "not an attack on [plaintiff's supervisor] or the board for their evaluations of plaintiff's performance as an employee"; rather, the Court of Appeal reasoned, "the pleadings establish[ed] that the gravamen of plaintiff's action against defendants was one of racial and retaliatory discrimination." <u>See</u> <u>id.</u> at 624-25.

Here, plaintiff argues, and the Court agrees, that the gravamen or principal thrust of the claims asserted is not a challenge to defendants' having filed a lawsuit against plaintiff. Rather, the gravamen of the claims is that defendants, because of a discriminatory animus based on plaintiff's association with a disabled person, have attempted to create a hostile environment in an effort to coerce plaintiff into evicting the disabled person, i.e., her son. (<u>See</u>, <u>e.g.</u>, Compl. ¶ 19 (alleging defendants' agent "chastised [p]laintiff for allowing her son to live in Park Plaza"); Compl. ¶ 21.e (alleging defendants "humiliated, harassed, annoyed, and stigmatized [plaintiff] at annual owners' meetings and board meetings";

4

Compl. ¶ 21.f. (alleging defendants prohibited plaintiff from running for "a position on the board" and wrote "derogatory comments" about her on list of candidates).)  Although, as was the eviction notice in 1105 Alta Loma Road Apartments, the filing of the lawsuit against plaintiff may constitute evidence of defendants' alleged discrimination, the complaint cannot fairly be characterized as a challenge to the filing of the lawsuit itself.  See 1105 Alta Loma Road Apartments, 154 Cal. App. 4th at 1284-85; see also Kelly v. 7-Eleven, Inc., 2009 WL 3388379, *1, *3 (S.D. Cal. October 20, 2009) (holding, where disabled plaintiff alleged "pattern of discrimination related to "parking access barriers," gravamen of claims was "failure to provide accessible parking"; finding plaintiff's additional allegation that defendants had employed "attorneys to engage in protracted litigation . . . to avoid ADA compliance" was "incidental to the principle thrust of [p]laintiff's claim").

Accordingly, defendants' motion is hereby DENIED.

Lastly, the Court addresses plaintiff's request, made in her opposition, that she be awarded the costs and attorney fees she has incurred in opposing the instant motion.  Under § 425.16, a prevailing plaintiff is entitled to "costs and reasonable attorney's fees" if the motion to strike was "frivolous."  See Cal. Code Civ. Proc. § 425.16(c).  For purposes of § 425.16, "frivolous" means "totally and completely without merit" or "for the sole purpose of harassing an opposing party."  See Chitsazzadeh v. Kramer & Kaslow, 199 Cal. App. 4th 676, 683 (2011).  Here, the Court finds the motion to strike was not frivolous under either definition, and, consequently, hereby DENIES plaintiff's request.

**IT IS SO ORDERED.**

Dated:  February 3, 2014

_____
MAXINE M. CHESNEY
United States District Judge