IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCERLAIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>　　　　Defendants. | No. C-13-4384 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; VACATING HEARING** |

Before the Court is defendants' "Motion for Judgment on the Pleadings Pursuant to FRCP 12(c)," filed July 8, 2014. Plaintiff Nancy McErlain ("McErlain") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 15, 2014, and rules as follows.

**BACKGROUND**

In her complaint, McErlain alleges that she owns a unit at the Park Plaza Towers in Burlingame, California, and that her "mentally disabled" adult son Patrick McErlain lives in the unit. (See Compl. ¶¶ 1, 2.) According to McErlain, the three defendants named in the complaint, specifically, the Park Plaza Towers Owners Association, the Behling Property Management Corporation, and David Behling, have "engage[d] in discriminatory treatment of [her], have fostered and ratified a hostile environment towards [her], and have failed to

make reasonable accommodations for [her son's] disability in an attempt to force [her] to move her son from the dwelling she provides for him." (See Compl. ¶ 21.) In her First, Second, and Third Causes of Action, McErlain alleges defendants' conduct constitutes discrimination against her in violation of, respectively, (1) the Federal Fair Housing Act, 42 U.S.C. § 3604, (2) the Fair Employment and Housing Act, California Government Code §§ 12900-12996, and (3) the Unruh Civil Rights Act, California Civil Code § 51. In her Fourth Cause of Action, McErlain alleges that defendants' violations of said statutes constitute a breach of the covenants, conditions, and restrictions governing the Park Plaza Towers.

On July 25, 2012, prior to the filing of the instant action, one of the defendants named herein, the Park Plaza Towers Owners Association (hereinafter, "the HOA"), filed in state court a complaint against McErlain and her son, alleging causes of action for "nuisance," "breach of contract," and "declaratory relief" (see Defs.' Req. for Judicial Notice, filed July 8, 2014, Ex. A at 1:12-13),[1] and, on February 13, 2013, said defendant filed an Amended Complaint consisting of the same three causes of action (see id. Ex. B at 1:13-14). The HOA's claims arise from its allegations that McErlain's son has "continuously and systematically engaged in noxious and offensive conduct within the common areas at Park Plaza Towers which has substantially and unreasonably interfered and/or obstructed with the free use and enjoyment of the common areas" (see id. Ex. B ¶ 13), and that McErlain "has endorsed and/or otherwise enabled [his] actions to continue" (see id. Ex. B ¶ 14). On March 21, 2013, McErlain filed an answer to the HOA's operative state court complaint (see id. Ex. C) and, on May 15, 2014, an amended answer (see id. Ex. D); she has not filed a cross-complaint against the HOA.[2] The state court matter

---

[1] Defendants' unopposed request that the Court take judicial notice of the pleadings filed in the state court action is hereby GRANTED. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts.").

[2] The Court takes judicial notice of the docket of the Superior Court, which docket can be found at http://www.sanmateocourt.org.

remains pending and trial is set to begin November 11, 2014.  (See Heaton Decl., filed July 8, 2014, ¶ 5.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:  "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  See Fed. R. Civ. P. 12(c).  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing;" a Rule 12(c) motion is subject to the same analysis as a motion to dismiss brought under Rule 12(b)(6). See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.1989).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986). Although, in ruling on a motion to dismiss, a court generally may not consider material beyond the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), a court may consider matters that are subject to judicial notice, see Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

## DISCUSSION

Defendants argue that the causes of action alleged by McErlain in the instant case are based on the same "nucleus of operative facts" as the causes of action set forth in the HOA's state court action (see Mot. at 2:23-24), and, consequently, can only be brought in a cross-complaint filed in the state court action.  In support thereof, defendants rely on § 426.30(a) of the California Code of Civil Procedure, which provides as follows:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

See Cal. Code Civ. Proc. § 426.30(a).

For purposes of § 426.30, a "related cause of action" is "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as

3

1  the cause of action which the plaintiff alleges in his complaint." See Cal. Code Civ. Proc.
2  § 426.10(c).  "Because of the liberal construction given to the statute to accomplish its
3  purpose of avoiding a multiplicity of actions, 'transaction' is construed broadly; it . . . may
4  embrace a series of acts or occurrences logically interrelated." See Align Tech. v. Tran,
5  179 Cal. App. 4th 949, 960 (2009) (internal quotation and citation omitted).

       Section 426.30 is applicable in federal court proceedings, and, consequently, bars
causes of action filed in federal court where those causes of action are "related" to causes
of action alleged against the federal plaintiff in a prior state court action filed by the federal
defendant.  See, e.g., Cheiker v. Prudential Ins. Co., 820 F.2d 334, 336-37 (9th Cir. 1987)
(holding insureds "contract and tort causes of action" against insurer were barred by
§ 426.30, where causes of action "arose out of the same transaction" as, and thus were
"related" to, interpleader cause of action previously filed by insurer against insureds in state
court); Brenner v. Mitchum, Jones & Templeton, Inc., 494 F.2d 881, 881-82 and n.2 (9th
Cir. 1974) (holding customer's federal securities causes of action against broker were
barred by predecessor to § 426.30, where broker's prior state court action against
customer "arose out of the same transactions as those complained of by the [customer]").

       Here, the Court notes at the outset that, although the instant motion is brought on
behalf of all three named defendants, the HOA is the sole plaintiff in the state court action
on which the instant motion is based.  As the Ninth Circuit has explained, "[u]nder the plain
language of § 426.30," only "the plaintiff" in the earlier-filed action may seek relief under
§ 426.30.  See Maldonado v. Harris, 370 F.3d 945, 951-52 (9th Cir. 2004) (holding billboard
owner's claims against director of state agency not barred by § 426.30, where director was
not "the plaintiff" in prior action filed by state agency against billboard owner, even though
owner's claims were "related" to those asserted by agency in prior action).  Consequently,
no defendant herein other than the HOA is entitled to seek relief under
§ 426.30.  The Court next considers the motion as it pertains to McErlain's causes of action
against the HOA.

//

4

Defendants argue McErlain's causes of action here are related to the HOA's causes of action in state court. McErlain does not argue to the contrary, and the Court agrees that the causes of action in the two cases are related within the meaning of § 426.10(c), as both actions arise from the same transaction or series of transactions. Specifically, the HOA, in the state court action, alleges that McErlain's son has engaged in particular conduct the HOA characterizes as "noxious and/or offensive," such as "intentionally" leaving "dog feces" in common areas and "shouting profanities" at Park Plaza residents (see Defs.' Req. for Judicial Notice Ex. B ¶ 13), which conduct the HOA alleges is a breach of the "governing documents" of the HOA (see id. Ex. B ¶ 23), thus entitling the HOA to an order enjoining McErlain's son from living in her unit at the Park Plaza Towers (see id. Ex. B at 19:7-10). In the instant federal action, McErlain denies her son engaged in the acts attributed to him in the state action (see, e.g., Compl. ¶ 20.q. (denying son left dog feces in common areas)) or describes those events in a different manner (see, e.g., Compl. ¶¶ 20.l, 20.m, 20.n (alleging other residents have made "obscene" gestures towards McErlain's son)), and characterizes defendants' conduct as "foster[ing] and ratif[ying] a hostile environment" in an attempt to "force" McErlain to "move her son from the dwelling she provides for him" (see Complaint ¶ 21).

Although McErlain does not dispute the two cases are related, she asserts that § 426.30 is inapplicable to the instant federal action, because, she argues, said statute, like "the doctrine of res judicata," does not apply where the first case has not been "finally determined by a court of competent jurisdiction." (See Opp'n at 12:4-10.)[3] Section 426.30, however, contains no language limiting its scope in such manner, and, indeed, uses the word "pending" in reference to the earlier-filed action. See Cal. Code Civ. Proc. § 426.30(b)(1); see also Cal. Code Civ. Proc. § 426.40(b) (providing exception to § 426.30 where court "in which the action is pending" lacks jurisdiction to hear claim pleaded in later

---

[3] McErlain also contends defendants have failed to show the Court should abstain from deciding her claims pursuant to the "Younger doctrine." (See Pl.'s Opp. at 5:24-25); Younger v. Harris, 401 U.S. 37 (1971). Defendants, however, do not rely on the doctrine set forth in Younger and, consequently, the Court does not further consider this argument.

action).  Significantly, McErlain cites no authority holding § 426.30 is inapplicable where the first action remains pending.[4]  Rather, those courts that have considered the issue have found § 426.30 does bar causes of action that are related to an earlier-filed, pending state court action.  See, e.g., Carroll v. Import Motors, Inc., 33 Cal. App. 4th 1429, 1435-36 (1995) (dismissing, pursuant to § 426.30, customer's complaint against auto dealership, where customer's claims were related to those alleged by dealership in earlier-filed pending action; explaining customer's remedy was "to ask leave of the trial court [in the pending action filed by dealership] to file his cross-complaint"); Sierra Environmental Techs. v. Gale, No. 09-3201, 2010 U.S. Dist. Lexis 22720, at *2, *4-7 (E.D. Cal. March 11, 2010) (dismissing, pursuant to § 426.30, employer's claims against former employees, where employer's claims were related to those alleged by former employees' in earlier-filed complaint pending in state court).

Moreover, as the "legislative purpose" of the statute is to "provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction," see Align Tech., 179 Cal. App. 4th at 959 (internal quotation and citation omitted), such purpose would be wholly undermined if a party against whom a complaint is filed could commence, and simultaneously pursue, against the complainant a second lawsuit alleging claims arising from that same transaction.

Accordingly, to the extent defendants seek judgment on the pleadings with respect to the causes of action alleged here against the HOA, the motion will be granted.

//
//
//
//
//

---

[4] The issue in Hulsey v. Koehler, 218 Cal. App. 3d 1150 (1990), the case on which McErlain relies, was not the stage of the proceedings in the earlier-filed action but whether, like res judicata, a defense under § 426.30 must be specially pleaded.  See id. at 1153, 1158.

**CONCLUSION**

For the reasons stated above:

1. To the extent the motion seeks judgment on the pleadings in favor of the HOA, the motion is hereby GRANTED.

2. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2014

MAXINE M. CHESNEY
United States District Judge