IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCERLAIN,<br><br>    Plaintiff,<br><br>  v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>    Defendants.<br>_____/ | No. C-13-4384 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION; CONTINUING HEARING** |

     Before the Court is plaintiff Nancy McErlain's "Motion for Reconsideration of August 12, 2014 Order Granting Motion for Judgment on the Pleadings," filed September 19, 2014. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons discussed below, finds it appropriate to afford the parties leave to supplement their respective written submissions.

     In its August 12, 2014 order, the Court granted, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, defendants' motion for judgment on the pleadings, to the extent the motion sought dismissal of plaintiff's claims against defendant Park Plaza Towers Owners Association ("the HOA"). In so ruling, the Court found plaintiff had not asserted, in an earlier-filed state court action brought against her by the HOA, a cross-

1 complaint alleging the causes of action asserted herein, that said claims are related to
2 those alleged by the HOA in the state court action, and, consequently, dismissal was
3 appropriate under § 426.30(a) of the California Code of Civil Procedure, which provides as
4 follows:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

See Cal. Code Civ. Proc. § 426.30(a); Cal. Code Civ. Proc. § 426.10(c) (defining, for purposes of § 426.30, "related cause of action" as "cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint"); Brenner v. Mitchum, Jones & Templeton, Inc., 494 F.2d 881, 881-82 and n.2 (9th Cir. 1974) (holding customer's federal securities causes of action against broker were barred under predecessor to § 426.30, where broker's prior state court action against customer "arose out of the same transactions as those complained of by the [customer]").

By the instant motion, plaintiff argues reconsideration is warranted in light of the emergence of new facts, specifically, that after the Court issued its August 12, 2014 order, plaintiff obtained leave to file, and did file, in state court a cross-complaint in which she asserts against the HOA the same discrimination claims she alleges herein. (See Pratt Decl., filed September 19, 2014, ¶ 12; Defs.' Req. for Judicial Notice, filed October 6, 2014, Ex. G.)[1] Additionally, plaintiff repeats an argument made in her opposition to the motion for judgment on the pleadings, specifically, her contention that § 426.30(a) does not apply when the earlier-filed action is pending. As set forth below, the Court finds plaintiff's arguments, both new and renewed, unpersuasive.

---

[1] Defendants' unopposed request that the Court take judicial notice of filings in the state court action is hereby GRANTED. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding, for purposes of motion to dismiss under Rule 12(b)(6), "court may take judicial notice of matters of public record") (internal quotation and citation omitted); Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (holding Rule 12(c) and Rule 12(b)(6) motions are "functionally identical").

1  First, the Court again finds § 426.30(a) applies irrespective of whether the earlier-filed action is pending or closed.  See, e.g., Carroll v. Import Motors, Inc., 33 Cal. App. 4th 1429, 1435-36 (1995) (affirming § 426.30 dismissal of customer's complaint against auto dealership, where customer's claims were related to those alleged by dealership in earlier-filed, pending action).  Next, nothing in § 426.30(a) allows a plaintiff who either timely files a compulsory cross-complaint or, as here, obtains leave from a state court judge to file an otherwise untimely compulsory cross-complaint, to pursue those same claims in another action as well.  See Align Technology, Inc. v. Tran, 179 Cal. App. 4th 949, 959 (2009) (holding "legislative purpose of former section 439, the predecessor of section 426.30 . . . was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction" and to "avoid[ ] a multiplicity of actions") (internal quotation and citation omitted); Sylvester v. Soulsburg, 252 Cal. App. 2d 185, 190 (1967) (holding § 439 "bars a subsequent action" arising from same transaction); Cal. Civ. Code § 426.30, Legislative Committee Comments - Senate ("Section 426.30 continues the substance of the former compulsory counterclaim rule (former Code of Civil Procedure Section 439.").

  Nonetheless, it appears to the Court that reconsideration may be warranted for another reason.  Specifically, it would appear that § 426.30 is "procedural" in nature and, consequently, under Erie R. Co. v. Tompkins, 304 U.S. 64 (1933), is inapplicable to state law claims brought in federal court.  See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) (holding, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law"); see also Angel v. Bullington, 330 U.S. 183, 192 (1947) (holding, with respect to federal claims, "the limitations upon the courts of a State do not control a federal court sitting in the State").  In other words, although § 426.30 does apply when a covered claim is pending in different actions proceeding in state court, it appears inapplicable where, as here, one of those two actions is proceeding in federal court.

//

3

As the above-discussed issue has not previously been argued by plaintiff nor raised in the case authority on which defendants relied in moving for judgment on the pleadings under § 426.30,[2] the Court will afford the parties an opportunity to file supplemental briefing thereon.  Any such supplemental brief shall be filed no later than November 5, 2014, and shall be limited to five pages in length.

In light of the above, the hearing on plaintiff's motion for reconsideration is hereby CONTINUED to November 14, 2014, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: October 29, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2] See, e.g., Brenner, 494 F.2d at 881-82 (applying predecessor of § 426.30 in context of argument asserting claim was "barred by collateral estoppel").