IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCERLAIN, | No. C-13-4384 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; VACATING IN PART AUGUST 12, 2014 ORDER; VACATING HEARING** |
| v. | |
| PARK PLAZA TOWERS OWNERS ASSOCIATION, et al., | |
| Defendants. | |

Before the Court is plaintiff Nancy McErlain's "Motion for Reconsideration of August 12, 2014 Order Granting Motion for Judgment on the Pleadings," filed September 19, 2014. Defendants have filed opposition, to which plaintiff has replied; in addition, with leave of court, the parties have filed supplemental briefing. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 14, 2014, and rules as follows.

In its August 12, 2014 order, the Court granted defendants' motion for judgment on the pleadings, to the extent the motion sought dismissal of plaintiff's claims against defendant Park Plaza Towers Owners Association ("the Association").[1] In so ruling, the

---

[1] The Court denied the motion to the extent it sought dismissal of defendants other than the Association.

1 Court found plaintiff had not asserted, in an earlier-filed state court action brought against
2 her by the Association, a cross-complaint alleging the causes of action asserted here, that
3 said claims are related to those alleged by the Association in the state court action, and,
4 consequently, dismissal was appropriate under § 426.30(a) of the California Code of Civil
5 Procedure, which provides as follows:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

See Cal. Code Civ. Proc. § 426.30(a); Cal. Code Civ. Proc. § 426.10(c) (defining, for purposes of § 426.30, "related cause of action" as "cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint").

Having considered the matter anew, the Court finds reconsideration is warranted on the ground that § 426.30 is "procedural" in nature and, consequently, under Erie R. Co. v. Tompkins, 304 U.S. 64 (1933), inapplicable to claims pending in federal court. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) (holding, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law"); see also Angel v. Bullington, 330 U.S. 183, 192 (1947) (holding, with respect to federal claims, "the limitations upon the courts of a State do not control a federal court sitting in the State"); see also Order Affording Parties Leave to File Supplemental Briefing, filed October 29, 2014 (discussing history and purpose of § 426.30(a)).

Moreover, application of § 426.30 to a complaint pending in federal court would be contrary to federal authority requiring district courts, absent certain exceptions not applicable here, to exercise jurisdiction over a federal action irrespective of whether the same issues are pending in a separate state court action. See Kline v. Burke Const. Co., 260 U.S. 226, 230-32 (1922) (holding where "same issues are to be tried and determined" simultaneously in state and federal actions, "[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court"); cf. Colorado

2

River Water Conservation Dist. v. United States, 424 U.S. 800, 817-819 (1976 ) (identifying "exceptional" circumstances warranting departure from rule that "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction") (internal quotation and citation omitted).  Rather, in such situations, a bar will arise only when "a judgment is rendered in one of the courts and pleaded in the other." See Kline, 260 U.S. at 230.  In other words, although § 426.30 does apply when related claims are pending in two different California state courts, it has no application to a federal case other than under claim-preclusion principles.  See, e.g., Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87-91 (2nd Cir. 2000) (holding, where federal plaintiff sought unsuccessfully in prior California state court action to file untimely compulsory cross-complaint, federal plaintiff's action alleging same claim was barred by "final judgment" entered in state court action); Cheiker v. Prudential, 820 F.2d 334, 336-37 (9th Cir. 1987) (affirming judgment holding action "barred by [a] final judgment in the state court action," where, under § 426.30, plaintiff's "federal causes of action arose out of the same transaction or series of transactions as the [state court] action"); Brenner v. Mitchum, Jones & Templeton, Inc., 494 F.2d 881, 881-82 (9th Cir. 1974) (affirming judgment holding plaintiff's complaint "barred by collateral estoppel" in light of "dismissal with prejudice" of prior California state court action, where, under predecessor of § 426.30, claims in state court action "arose out of the same transactions as those complained of by plaintiff [in federal court]").[2]

//
//
//
//

---

[2] Defendants' reliance on the Full Faith and Credit Act, 28 U.S.C. § 1738, is misplaced.  The Full Faith and Credit Act requires a federal court "to look to the preclusion law of the state court that rendered [an] earlier judgment or judgments to determine whether subsequent federal litigation is precluded." See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1143 (9th Cir. 2004).  Here, as noted, the state court has not entered a judgment in the action brought by the Association.

Accordingly, plaintiff's motion is hereby GRANTED, and the Court's August 12, 2014 order is hereby VACATED to the extent plaintiff's claims against the Association were thereby dismissed.

**IT IS SO ORDERED.**

Dated: November 12, 2014

_____
MAXINE M. CHESNEY
United States District Judge