IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCERLAIN, | No. C-13-4384 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| PARK PLAZA TOWERS OWNERS ASSOCIATION, et al., | |
| Defendants. | |

Before the Court is defendants' Motion to Dismiss Complaint, filed October 6, 2014. Plaintiff Nancy McErlain has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 14, 2014, and rules as follows.

In the instant action, plaintiff, who owns a unit at the Park Plaza Towers occupied by her assertedly disabled son, seeks damages and injunctive relief based on her allegation that defendants Park Plaza Towers Owners Association ("the Association"), Behling Property Management Corporation, and property manager David Behling "have fostered and ratified a hostile environment towards [plaintiff] and have failed to make reasonable

accommodations for [her son's] disability in an attempt to force [p]laintiff to move her son from the dwelling." (See Compl. ¶ 21.) Defendants argue the above-titled action should be dismissed under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), in deference to a state court action brought by the Association, which action arises from the Association's allegation that plaintiff's son has "substantially and unreasonably interfered with the rights of the Association's members, residents, including their guests and/or caretakers" (see Defs.' Req. for Judicial Notice Ex. 1 ¶ 8), and in which plaintiff has filed a cross-complaint alleging the same discrimination claims as she asserts in the instant action (see id. Ex. 2).[1]

     Under the Younger doctrine, a federal court is required to abstain from deciding claims for damages and/or injunctive relief where "the prospect of undue interference with state proceedings counsels against federal relief." See Sprint Communications v. Jacobs, 134 S. Ct. 584, 588 (2013). Younger abstention has been recognized as appropriate in deference to three types of state court proceedings: "state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." See id. (internal quotations and citation omitted). Here, defendants assert the Association's state court action falls within the third of the above-referenced categories. Plaintiff's federal action, however, has no bearing on the state court's orders or performance of its judicial functions; its challenge is directed exclusively to the conduct of private parties. Cf. Juidice v. Vail, 430 U.S. 327, 330 (1977) (holding abstention under Younger proper where federal plaintiff, after having been found in contempt during course of state court civil proceedings, filed federal action seeking to enjoin state court from "the use of the statutory contempt procedures authorized by [state] law"); see also Sprint Communications, 134 S. Ct. at 592

---

[1]Defendants' unopposed request that the Court take judicial notice of the pleadings in the state court action is hereby GRANTED. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding, for purposes of motion to dismiss under Rule 12(b)(6), "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

(citing Juidice as example of third category of state proceedings as to which Younger abstention is proper).

Accordingly, defendant's motion is hereby DENIED.

Lastly, by order filed October 29, 2014, the Court deferred ruling on defendants' motion for summary judgment until after resolution of the instant motion.  The Court will address the scheduling of the motion for summary judgment at the Status Conference scheduled to be conducted on November 14, 2014.

**IT IS SO ORDERED.**

Dated:  November 12, 2014

MAXINE M. CHESNEY
United States District Judge